UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLE LARON KAMACK,<br><br>              Plaintiff,<br><br>          v.<br><br>J. FRENCH, et al.,<br><br>              Defendants. | Case No. CV 16-7325-JAK (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

Plaintiff Ramelle Laron Kamack ("Plaintiff"), proceeding pro se and in forma pauperis, has constructively filed[1] a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") against defendants J. French, Troy King, and Elvin Valenzuela ("Defendants") for deprivation of property in violation of the Fifth Amendment. As discussed below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Plaintiff signed the Complaint on September 14, 2016. ECF Docket ("Dkt.") 1, Compl. Thus, the Court deems September 14, 2016 the filing date.

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On January 20, 2015, Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and currently confined at the California Men's Colony ("CMC"), placed an online order for four textbooks and other school supplies from Coastline Community College ("Materials"). Dkt. 1, Compl. at 9-10.[2] Plaintiff alleges he spent a total of $393.92 for the materials. Id. at 10.

On January 21, 2015, according to a U.P.S. tracking order, the Materials arrived at CMC. Id. Defendant J. French, the CMC's Materials and Store Supervisor, signed for and received the order. Id.

On February 11, 2015, Plaintiff filed a grievance with CDCR because he still had not received his Materials. Id. After receiving no response from CDCR, on March 5, 2015, Plaintiff filed a First Level Appeal requesting CDCR deliver his Materials. Id. at 11.

On May 8, 2015, Plaintiff received a response from Defendant King, the Associate Warden of Business Services at CMC, indicating that his Materials could not be found and that CDCR was responsible for the misplacement. Id.; see Exhibit E. Accordingly, on May 14, 2015, Plaintiff submitted a Second Level Appeal requesting reimbursement for the lost Materials. Compl. at 11.

On July 13, 2015, Plaintiff received a response from Defendant Valenzuela, Warden of CMC, partially granting Plaintiff's Second Level Appeal. Id. at 11-12; see Exhibit F. Valenzuela offered Plaintiff a reimbursement of $219.05 instead of the full $393.92. Id. at 12; see Exhibit F. Plaintiff alleges Valenzuela "failed to accept responsibility" because Valenzuela incorrectly "believed the remaining

---

[2] The Court considers Plaintiff's Complaint as if it were consecutively paginated.

2

1  balance of $219.05 in the plaintiff's account, which was reflected on plaintiff's
2  receipt, was the order total instead of plaintiff's fund balance." Compl. at 12.
3        On August 7, 2015, Plaintiff filed a Third Level Appeal, this time seeking the
4  full balance of his reimbursement. Id. On January 21, 2016, Plaintiff received a
5  decision from the Office of Appeals ordering the Victim Compensation and
6  Government Claims Board to reimburse Plaintiff $219.05 for the lost Materials. Id.
7  at 12-13; see Exhibit G. On February 10, 2016, Plaintiff sent a request to CDCR's
8  Office of Appeal seeking an amendment to the reimbursement order to obtain the
9  full amount for his lost Materials. Compl. at 13. On August 5, 2016, CDCR's
10 Office of Appeals denied his request and informed Plaintiff that his administrative
11 remedies had been exhausted. Id.; see Exhibit G. Plaintiff is currently seeking
12 monetary damages and costs. Compl. at 6.

### III.
### STANDARD OF REVIEW

15       As Plaintiff is proceeding in forma pauperis, the Court must screen the
16 Complaint and is required to dismiss the case at any time if it concludes the action
17 is frivolous or malicious, fails to state a claim on which relief may be granted, or
18 seeks monetary relief against a defendant who is immune from such relief. 28
19 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d
20 1193, 1194 (9th Cir. 1998).
21       In determining whether a complaint fails to state a claim for screening
22 purposes, the Court applies the same pleading standard from Rule 8 of the Federal
23 Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to
24 dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter,
25 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a
26 "short and plain statement of the claim showing that the pleader is entitled to
27 relief." Fed. R. Civ. P. 8(a)(2).
28

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A DEPRIVATION OF PROPERTY CLAIM AGAINST ANY DEFENDANT

The Due Process Clause protects prisoners from being deprived of property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). For state prisoners, the Fifth Amendment's Due Process Clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment. <u>Webb's Fabulous Pharmacies, Inc. v. Beckwith</u>, 449 U.S. 155, 160, 101 S. Ct. 446, 66 L. Ed. 2d 358 (1980). While the Fourteenth Amendment generally protects state prisoners from deprivation of property without due process of law, "[a] negligent or intentional deprivation of a state prisoner's property fails to state a due process claim under § 1983 if the state has an adequate post-deprivation remedy." <u>Walker v. San Francisco Cty. Jail</u>, No. C 08-1264 CRB-PR, 2008 WL 724855, at *1 (N.D. Cal. Mar. 14, 2008) (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). Adequate post-deprivation remedies can include, for example, internal prison grievance procedures or tort claims against the state. <u>Wright v. Riveland</u>, 219 F.3d 905, 918 (9th Cir. 2000). In addition, "[t]he fact that [a party] might not be able to recover under state law remedies the full amount which he might receive in a § 1983 action is not determinative of the adequacy of the state remedies." <u>Hudson</u>, 468 U.S. at 518.

In this case, because Plaintiff is a California state prisoner alleging a deprivation of property claim against state prison officials, he must raise his claim

through the Due Process Clause of the Fourteenth Amendment.[3] See Wright, 219 F.3d at 918. However, even under the protections of the Fourteenth Amendment, Plaintiff has failed to state a cognizable Section 1983 claim for deprivation of property because Plaintiff has an adequate post-deprivation remedy under California state law. Specifically, sections 810-895 of the California Government Code provide Plaintiff with grounds to bring a claim against government officials like Defendants in the instant matter. Walker, 2008 WL 724855, at *1; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see Cal. Gov't Code §§ 810-895. Furthermore, Plaintiff has an additional post-deprivation remedy through CDCR's own internal grievance process, which Plaintiff has already used and exhausted to redress his claim. See Dkt. 1, Compl. In addition, although Plaintiff was unable to recover the full reimbursement amount for his Materials, this fact alone "is not determinative of the adequacy of the state remedies." Hudson, 468 U.S. at 518. Thus, to the extent Plaintiff's deprivation of property claim is based on Defendants' failure to fully reimburse him for his lost Materials, he has failed to state a claim cognizable under Section 1983.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. While the Court is doubtful that Plaintiff can state a cognizable claim, because the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

///

---

[3] Plaintiff's Complaint currently asserts a deprivation of property claim under the Fifth Amendment. Dkt. 1, Compl. at 5.

1.      Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2.      Alternatively, Plaintiff may request a voluntarily dismissal of the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted);

see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: October 4, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge